UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────X
Ziyao Jiang,

        Plaintiff,                    **ORDER**

    -against-                        24-CV-3715 (NRM) (SDE)

Rubby Wang and Jack Wang,

        Defendants.
───────────────────────────────────X

**NINA R. MORRISON**, United States District Judge:

Plaintiff has filed sixty-seven (67) cases in this court since the beginning of 2024. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this Order. For the reasons discussed, Plaintiff's complaint, filed *in forma pauperis*, is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## **STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)), *aff'd* 569 U.S. 108 (2013). A complaint must plead sufficient facts to "state a claim to relief that is

1

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and that the Court is required to read Plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

However, the Supreme Court has held that a district court has "the authority to 'pierce the veil of the complaint's factual allegations'" when considering an *in forma pauperis* complaint. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The Court further stated that "a court is not bound . . . to accept without question the truth of the plaintiff's allegations. We therefore reject the notion that a court must accept 'as having an arguable basis in fact,' all allegations that cannot be rebutted by judicially noticeable facts." *Id.* (citation omitted).

## DISCUSSION

Plaintiff's complaint is nonsensical and does not present any cognizable claim. Plaintiff alleges someone stalked him and "installed [a] mental control machine to hurt [him]." Compl., ECF No. 1, at 1. He further appears to allege someone "used [a] mental control machine pretending" to be his girlfriend and "telling [him] to buy a house in Johnstown Pennsylvania." *Id.* He seeks damages totaling $373,200. *Id.* at 2. His allegations, even under the very liberal reading afforded to *pro se* pleadings (and even if Plaintiff believes them to be true), can only be described as frivolous and

2

"clearly baseless." *Denton*, 504 U.S. at 25, 33 (1992); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' — that is, if they are 'fanciful,' 'fantastic[,]' or 'delusional.'" (quoting *Denton*, 504 U.S. at 32–33)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33; *Brown v. City of New York*, No. 24-CV-8246 (LDH) (LB), 2025 WL 606155, at *2 (E.D.N.Y. Feb. 25, 2025) (dismissing complaint where plaintiff alleged "that agents of the municipal government 'gang stalked,' 'accosted,' 'harassed' and drugged her, and that 'brainwave reading technologies' were used to thwart her effort to seek help" (quoting plaintiff's complaint)); *Gilot v. Gov't*, No. 21-CV-4346 (WFK), 2021 WL 3861684, at *2 (E.D.N.Y. Aug. 27, 2021) (dismissing plaintiff's claims as "entirely fanciful and frivolous"); *Khalil v. United States*, No. 17-CV-2652 (JFB) (SIL), No. 17-CV-5458 (JFB) (SIL), 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

Given the implausibility of Plaintiff's allegations, the action cannot proceed. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's assertions that he had "been the subject of 24-hour,

3

multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him" (quoting plaintiff's complaint)); *Walker v. Real Life Church*, No. 22-CV-4455 (AMD) (LB), No. 22-CV-4456 (AMD) (LB), 2022 WL 3358088, at *1–2 (E.D.N.Y. Aug. 15, 2022) (dismissing *pro se* complaint as frivolous where the Court could not discern what cognizable harm the plaintiff suffered); *Burton v. USA*, No. 21-CV-6238 (LDH) (LB), 2022 WL 1093217, at *2 (E.D.N.Y. Apr. 12, 2022) (dismissing *pro se* plaintiff's complaint as frivolous because the allegations rose to the level of the irrational).

## CONCLUSION

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once . . . ."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Here, the Court concludes that granting leave to amend would be futile and declines to do so. *See Hakaniemi v. Zuckerberg*, No. 21-CV-4345 (PKC) (LB), 2021

WL 3566221, at *2 (E.D.N.Y. Aug. 12, 2021) (dismissing *pro se* plaintiff's complaint as frivolous, denying leave to amend where complaint was "devoid of any arguable basis in fact or in law, defects which cannot be cured by amendment," and collecting cases).

The Clerk of Court is respectfully directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: September 30, 2025
 Brooklyn, New York